**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ROY E. GRANT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-3649 |
| | § | |
| C.R. ENGLAND, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

The plaintiff, Roy E. Grant, resides in Polk County, Texas.  He sued the defendants, C.R.

England, Inc., a Utah truck company, and Catherine Bean, a truck driver who resides in Tennessee.

Grant alleged negligence and personal injuries from an October 8, 2008 accident at a truck stop in

Smithton, Pennsylvania, involving a tractor he was driving and a C.R. England truck that Bean was

driving.  Grant filed this suit on October 4, 2010, a few days before limitations expired.  Summons

was not issued until October 20, 2010, and England's registered agent was not served until

November 1, 2010.

England has moved to dismiss on two grounds.  The first is that limitations bars this suit

because Grant did not issue summons until 12 days after the two-year limitations period expired.

England moves to dismiss under Rule 12(b)(6).  The second is that venue is improper under Rule

12(b)(3).  (Docket Entry No. 4).  Grant has responded, (Docket Entry Nos. 6, 7).  England filed a

reply, (Docket Entry No. 8), and Grant filed a surreply, (Docket Entry No. 9).

Based on a careful review, this court concludes that the motion to dismiss based on

limitations must be converted to a motion for summary judgment.  The parties may supplement the

record and briefs no later than **January 24, 2011**.  The motion to dismiss based on improper venue is denied.  The reasons are set out below.

## A.      The Statute of Limitations

Grant asserts that on October 5, 2010, the day after he filed suit, he sent a waiver of service and forms with self-addressed envelopes to England at its registered agent.  (Docket Entry No. 7, Exhibit 1).  When there was no response within the two weeks Grant had specified in his cover letter,  Grant requested the issuance of summons and arranged to effect service.  England was served on November 1, 2010, approximately three weeks after limitations had expired.   Grant asks this court to deny the motion to dismiss based on the short delay that is explained by his effort to obtain a waiver.

A motion to dismiss for failure to state a claim under Rule 12(b)(6) is a valid means to raise a statute of limitations defense.  *Bush v. United States*, 823 F.2d 909, 910 (5th Cir. 1987).  A court should dismiss based on the statute of limitations only if that bar to relief appears on the face of the complaint or other appropriately considered materials.  *Garrett v. Commonwealth Mortg. Corp. of Am.*, 938 F.2d 591, 594 (5th Cir. 1991).

A federal court in a diversity action based on state law follows the state's service laws in determining when an action is commenced for the purpose of tolling the statute of limitations.  *See Walker v. Armco Steel Corp.*, 446 U.S. 740, 752–53 (1980).  Under Texas law, a plaintiff must "bring suit" within the applicable limitations period.  *Gant v. DeLeon,* 786 S .W.2d 259, 260 (Tex. 1990); *Zacharie v. U.S. Natural Res. Inc.*, 94 S.W.3d 748, 754 (Tex. App.—San Antonio 2002, no pet.).  In order to "bring suit," the plaintiff must file a petition within the limitations period and use due diligence in obtaining service of citation on the defendant.  *Gant,* 786 S.W.2d at 260; *Zacharie,*

94 S.W.3d at 754.  Under a well-developed body of Texas law, "[t]o toll the statute of limitations, a plaintiff must not only file suit within the limitations period, but must also exercise due diligence in procuring the issuance and service of citation." *Gant*, 786 S.W.2d at 260.  If service is not actually effected until after the statutory period has expired, "the date of service may relate back to the date of filing if the plaintiff exercised due diligence in effecting service." *Id.*  A number of federal courts applying the Texas statute of limitations have followed the state rule requiring diligent service.  *E.g*., *Saenz v. Keller Indus. of Tex., Inc.*, 951 F.2d 665, 667 (5th Cir. 1992); *Curry v. Heard,* 819 F.2d 130, 132 (5th Cir. 1987); *Barkley v. Dillard's, Inc*., Civ. A. No. H-06-403, 2007 WL 7213542, *3 (S.D. Tex. May 24, 2007); *Lopez v. Unknown Galveston Police Officer # 1,* Civ. A. No. G-06-0371, 2006 WL 3702895, at *9 (S.D. Tex. Dec.13, 2006); *DirecTV, Inc. v. Chan,* No. SA-03-CV-417-RF, 2004 WL 2616304, at *5 (W.D. Tex. Nov.16, 2004); *Bilsing v. State Indus., Inc.,* 173 F. Supp. 2d 593, 596 n.7 (S.D. Tex. 2001); *Wehmeyer v. Clay,* Civ. A. No. V-81-30, 1988 WL 88191, at *1 (S.D. Tex. Mar. 7, 1988).

Once a defendant has asserted the affirmative defense of statute of limitations, the burden shifts to the plaintiff to show due diligence in effecting service*.  Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 830 (Tex. 1990).  A plaintiff must demonstrate "that diligence to procure service which an ordinarily prudent person would have used under the same or similar circumstances." *Belleza-Gonzalez v. Villa*, 57 S.W.3d 8, 12 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (citation omitted); *Gonzalez v. Phoenix Frozen Foods, Inc.*, 884 S.W.2d 587, 590 (Tex. App.—Corpus Christi 1994, no writ).  Due diligence is assessed by examining the length of time taken to complete service, and the effort expended by the plaintiff.  *Carter v. MacFadyen,* 93 S.W.3d 307, 313 (Tex. App.—Houston [14th Dist.] 2002, pet. denied); *Webster v. Thomas*, 5 S.W.3d 287, 289–90 (Tex.

3

App.—Houston [14th Dist.] 1999, no pet.).

Due diligence is usually a question of fact that is "determined by a two-prong test: (1) whether the plaintiff acted as an ordinary prudent person would have acted under the same or similar circumstances; and (2) whether the plaintiff acted diligently up until the time the defendant was served." *Zacharie,* 94 S.W.3d at 754 (quoting *Rodriguez v. Tinsman & Houser, Inc.*, 13 S.W.3d 47, 49 (Tex. App.—San Antonio 1999, pet. denied)).  "A lack of due diligence can be found as a matter of law if the plaintiff offers no valid excuse for lack of service or 'if the lapse of time and the plaintiff's acts, or inaction, conclusively negate diligence.'" *Id.* (quoting *Rodriguez,* 13 S.W.3d at 49).  "Even if an explanation is offered, a lack of diligence can be found if the explanation affirmatively establishes a lack of diligence." *Id.*  "The explanation must involve diligence in seeking service of process." *Id.*  If the plaintiff's explanation for the delay raises a material fact issue concerning diligence, the burden shifts back to the defendant to conclusively show why, as a matter of law, the plaintiff's explanation is not sufficient.  *Id.*; *Campbell v. Abrazo Adoption Assocs.*, No. 04-09-00827-CV, 2010 WL 2679990, at * 2-3 (Tex. App.—San Antonio July 7, 2010). "Only in rare instances have the Texas courts concluded that an excuse offered by the plaintiffs for failure to procure service negated the exercise of due diligence as a matter of law." *Saenz,* 951 F.2d at 667 (citations omitted).

In the present case, the parties have not cited any case involving a federal court's application of the Texas service rules for limitations purposes in which the reason the plaintiff delayed in obtaining service was to attempt to obtain a waiver of service under Federal Rule 4(d).  There are cases holding that such a delay is not good cause for a failure to effect service within the time deadlines set in Rule 4(m).  *See Khorozian v. McCullough,* 186 F.R.D. 325, 329 (D. N.J. 1999)

4

("Why did plaintiffs not comply with Rule 4(m) in the first place?  The record permits only one conclusion: Plaintiffs attempted to secure a waiver of service. . . . [But] plaintiffs took no steps to effect personal service until after the time within which they were to have done so expired.  Good cause does not exist here."); *see also Ecret v. Diamond,* No. C07-171RSL, 2007 WL 2743432, at *3 (W.D. Wash. Sept. 17, 2007) (holding that good cause did not exist when there "ha[d] been no showing by plaintiff . . . that he attempted to formally serve defendants as the . . . deadline approached").  In one Texas case, the plaintiffs delayed obtaining summons in order to provide defense counsel notice of the suit as a matter of professional courtesy.  *Rodriguez,* 13 S.W.3d at 51–52.  In that case, however, the planned notice was not sent.  *Id.*  The court concluded that

> notwithstanding the well-intended gesture of professional courtesy, it cannot be said that [the plaintiff] exercised diligence or continual diligence in attempting to serve [the defendant] from the time suit was filed until service was accomplished. . . . Because [the plaintiff's] proffered excuse does not involve diligence in attempting to effectuate service, we find that her explanation is not valid, and therefore, it fails to raise a fact issue on diligence. . . . We thus conclude that the trial court correctly determined that the limitations period was not tolled and the suit was barred by the statute of limitations.

*Id.* at 51–52.  In the present case, however, the plaintiff asserts that he *did* send the waiver of service form to the registered agent for England.  In response, England asserts that it did not receive the notice and disputes that it was sent.

In addition to this dispute, one question is whether delaying issuance of summons in order to request a waiver of service under Rule 4(b) when, as here, suit is filed only a few days before limitations expires, is due diligence under the Texas standard.  It is clear that requesting a waiver of service under Rule 4(d) does not toll limitations under federal law.  The Rules Committee's Comments to the 1993 Amendments of Federal Rule of Civil Procedure 4(d) state:  "[T]ransmission

of the notice and waiver forms is a private nonjudicial act, does not purport to effect service, and is not accompanied by any summons or directive from a court . . . .  The revised rule is clear that, if the waiver is not returned and filed, the limitations period under such law is not tolled and the action will not otherwise proceed until formal service of process is effected."   *See*  FED R. CIV. P. 4 advisory committee's note to 1993 amendments, subdivision (d); *see also* FED. R. CIV. P. 4(d)(2)(C). Grant asserts that he was motivated by a desire to obtain the cost savings of a waiver and by the fact that the rules encourage waivers.  It is undisputed that he did not attempt formal service until two weeks after limitations had expired.  The advisory committee notes to Rule 4 make clear that "[t]he procedure of requesting waiver of service should . . . not be used if the time for service under subdivision (m) will expire before the date on which the waiver must be returned." FED. R. CIV. P. 4 advisory committee's notes to 1993 Amendments, subdivision (d)).  The parties agree, however, that the issue is not whether the waiver request tolled limitations under federal law, but rather whether delaying issuing summons until limitations has expired to request a waiver of service is due diligence under Texas law.

Both parties have attached material to their motions and responses, including the explanation of the delay in service, copies of the waiver form and evidence of Grant's efforts to locate it. Subsection (d) of Rule 12 requires that "if a district court intends to rely on other evidence, it must convert the Rule 12(b)(6) motion to a motion for summary judgment, giving proper notice to the parties."  The court will convert the motion to dismiss on the statute of limitations issue to one for summary judgment.  The parties may file any additional argument and materials on summary judgment no later than **January 24, 2011.**

**II.      The Motion to Dismiss Under Rule 12(b)(3)**

6

Section 1391(a) states:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

England does not challenge that it is subject to personal jurisdiction in Texas.  The other two sections of § 1391 are not met.  Accordingly, the motion to dismiss for improper venue is denied.

England alternatively seeks transfer under 28 U.S.C. § 1406(a) to the Western District of Pennsylvania, Pittsburgh Division, where the accident occurred.  This statute does not apply because venue is not improper in the Southern District of Texas.  The applicable statute is 28 U.S.C. § 1404(a), which permits a district court to transfer any civil action to any other district where the case might have been brought, if transfer serves "the convenience of parties and witnesses . . . [and is] in the interest of justice. . . ."  28 U.S.C. § 1404(a); *see also Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964); *In re Volkswagen AG,* 371 F.3d 201, 203 (5th Cir.2004).  A district court has "broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999). The party seeking transfer must show that "the transferee venue is . . . clearly more convenient." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir.2008) (en banc).  Public and private interests factors are relevant. *Id.* "The private interest factors are: '(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.'  The public interest factors are: '(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized

7

interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.'" *Id.* (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)).  These factors are "not necessarily exhaustive or exclusive" and "none can be said to be of dispositive weight."  *Id.* (quotations and alternations omitted).  A primary factor is the convenience of the witnesses, particularly nonparty witnesses.  *Spiegelberg v. Collegiate Licensing Co.*, 402 F. Supp. 2d 786, 790 (S.D. Tex. 2005) (citing *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998));  *Woolf v. Mary Kay Inc.*, 176 F. Supp. 2d 642, 650 (N.D. Tex. 2001); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex.1993)).

The record does not show a basis to transfer this case to the U.S. District Court for the Western District of Pennsylvania, Pittsburgh Division.  Although the accident occurred there, there are apparently no witnesses located there.  England points out that neither Grant nor Bean, the drivers of the vehicles involved, called any law enforcement agency or emergency care provider to the accident scene.  There is no indication that Grant sought or received medical attention in Pennsylvania or that there would be any need for the testimony of such providers.  Grant lives in Texas and his medical care providers are in Texas.  The only other witness to the accident is apparently Bean, who lives in Tennessee and may not be amenable to suit in Texas — or in Pennsylvania.  None of the factors supporting transfer are present.

The motion to dismiss or to transfer venue is denied.

### III.    Conclusion

The motion to dismiss based on the statute of limitations is converted to one for summary

judgment.  The parties may supplement their arguments and evidence no later than **January 24, 2011**.  The motion to dismiss for improper venue or to transfer venue is denied.

SIGNED on January 3, 2011, at Houston, Texas.

Lee H. Rosenthal
United States District Judge