**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ROY E. GRANT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-3649 |
| | § | |
| C.R. ENGLAND, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

This is a personal-injury lawsuit. Roy E. Grant alleges negligence from an October 8, 2008 accident at a truck stop in Smithton, Pennsylvania, involving a tractor he was driving and a C.R. England truck that Catherine Bean was driving. Grant filed this suit on October 4, 2010, a few days before limitations expired. The defendants were not served until after the limitations period. England moved to dismiss under Rule 12(b)(6). (Docket Entry No. 4). This court converted the motion to dismiss based on limitations to a motion for summary judgment. (Docket Entry No. 11). England and Grant supplemented their briefing. (Docket Entry Nos. 14, 15). Bean filed her own motion for summary judgment based on limitations. (Docket Entry No. 12), and Grant responded, (Docket Entry No. 16). The parties argued the motion at the initial conference on February 25, 2011. (Docket Entry No. 20).

Based on the record; the motions, supplemental brief, and the response; the arguments of counsel; and the relevant law, this court denies England's motion for summary judgment and grants Bean's motion. The reasons are explained below.

**I.      Background**

The parties agree that the limitations period for Grant's suit ended on October 8, 2010. Grant sued on October 4. (Docket Entry No. 1). On October 5, Grant's attorney sent a letter to England's registered agent requesting a waiver of service by both defendants. (Docket Entry No. 16, Ex. 2). The letter requested a response within two weeks. It read:

> Dear Sirs:
>
> Please be advised that I have enclosed a copy of the complaint that was filed in the United States Southern District, Houston Division on October 7 [*sic*], 2010 against your company and your employee, Catherine Bean. I have also enclosed two copies of each waiver of service form and two self addressed stamped envelopes for your use in returning the forms to us.
>
> I have also enclosed the necessary forms indicating the consequences of not waiving service.
>
> Please let me know if you will accept service within the next two weeks. If you do choose to accept service then I will allow you to have 60 days from the filing of the petition in which to answer for both C. R. England and your driver Catherine Bean. You may contact me at the number and address above should you have any questions.
>
> Please also note that I have provided separate forms for both the company and the driver. Please forward the driver forms to the driver for his/her signature and completion, or sign them in his/her behalf.
>
> Please also forward this information to your insurance carrier, if any, for their review and consideration as well.
>
> If I do not hear from you within the next two weeks I will assume that you are not accept service and I will then proceed with service.
>
> If you have any questions, please do not hesitate to contact me.

(*Id.*). During argument before this court, Grant's counsel explained why he sent the waiver form for Bean to the owner of the truck, England. He explained that truckers such as Bean spend much of their time on the road and the truck owner, whose attorneys often represent the driver, are frequently in a better position to locate the driver and seek a waiver.

The defendants did not respond to the letter requesting a waiver. Grant initiated formal process on October 20, 15 days after sending the letter requesting a waiver of service, and delivered the documents to a process server. (*Id.*, Ex. 1). England was served on November 1. (Docket Entry No. 3). England's agent refused to accept service on Bean's behalf because he was not authorized to do so. (Docket Entry No. 12, Ex. E). Grant asserts that he had "no current or valid information for the whereabouts" of Bean but her address is in the complaint. Grant hired an investigator to locate Bean. (Docket Entry No. 16, Ex. 1, ¶ 4). The investigator located Bean on November 15 at what Grant's attorney indicates was a "new address," (*id.*), but it is the same address that is in the complaint. This information was relayed to the process server, who received the summons on December 3. (Docket Entry No. 10; Docket Entry No. 16, Ex. 1, ¶ 4). Bean was served on December 17 at her home in Savannah, Tennessee, at the same address listed in the complaint. (Docket Entry Nos. 1, 10).

## II.     The Legal Standards

### A.     Summary Judgment

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine

issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *See Celotex*, 477 U.S. at 325. While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (citation omitted). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

When the moving party has met its Rule 56(a) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings. The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

**B.     The Statute of Limitations in a Diversity Case**

A federal court in a diversity action based on state law follows the state's service laws in determining when an action is commenced for the purpose of tolling the statute of limitations. *See Walker v. Armco Steel Corp.*, 446 U.S. 740, 752–53 (1980). Under Texas law, a plaintiff must "bring suit" within the applicable limitations period. *Gant v. DeLeon*, 786 S .W.2d 259, 260 (Tex. 1990); *Zacharie v. U.S. Natural Res. Inc.*, 94 S.W.3d 748, 754 (Tex. App.—San Antonio 2002, no pet.). In order to "bring suit," the plaintiff must file a petition within the limitations period and use due diligence in obtaining service of citation on the defendant. *Gant,* 786 S.W.2d at 260; *Zacharie,* 94 S.W.3d at 754. Under a well-developed body of Texas law, "[t]o toll the statute of limitations, a plaintiff must not only file suit within the limitations period, but must also exercise due diligence in procuring the issuance and service of citation." *Gant*, 786 S.W.2d at 260. If service is not actually effected until after the statutory period has expired, "the date of service may relate back to the date of filing if the plaintiff exercised due diligence in effecting service." *Id.* A number of federal courts applying the Texas statute of limitations have followed the state rule requiring diligent service. *E.g.*, *Saenz v. Keller Indus. of Tex., Inc.*, 951 F.2d 665, 667 (5th Cir. 1992); *Curry v. Heard,* 819 F.2d 130, 132 (5th Cir. 1987); *Barkley v. Dillard's, Inc*., Civ. A. No. H-06-403, 2007 WL 7213542, *3 (S.D. Tex. May 24, 2007); *Lopez v. Unknown Galveston Police Officer # 1*, Civ. A. No. G-06-0371, 2006 WL 3702895, at *9 (S.D. Tex. Dec.13, 2006); *DirecTV, Inc. v. Chan,* No. SA-03-CV-417-RF, 2004 WL 2616304, at *5 (W.D. Tex. Nov.16, 2004); *Bilsing v. State Indus., Inc.*, 173 F. Supp. 2d 593, 596 n.7 (S.D. Tex. 2001); *Wehmeyer v. Clay*, Civ. A. No. V-81-30, 1988 WL 88191, at *1 (S.D. Tex. Mar. 7, 1988).

Once a defendant has asserted the affirmative defense of statute of limitations, the burden shifts to the plaintiff to show due diligence in effecting service. *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 830 (Tex. 1990). A plaintiff must demonstrate "that diligence to procure service which an ordinarily prudent person would have used under the same or similar circumstances." *Belleza-Gonzalez v. Villa*, 57 S.W.3d 8, 12 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (citation omitted); *Gonzalez v. Phoenix Frozen Foods, Inc.*, 884 S.W.2d 587, 590 (Tex. App.—Corpus Christi 1994, no writ). Due diligence is assessed by examining the length of time taken to complete service, and the effort expended by the plaintiff. *Carter v. MacFadyen*, 93 S.W.3d 307, 313 (Tex. App.—Houston [14th Dist.] 2002, pet. denied); *Webster v. Thomas*, 5 S.W.3d 287, 289–90 (Tex. App.—Houston [14th Dist.] 1999, no pet.).

Due diligence is usually a question of fact that is "determined by a two-prong test: (1) whether the plaintiff acted as an ordinary prudent person would have acted under the same or similar circumstances; and (2) whether the plaintiff acted diligently up until the time the defendant was served." *Zacharie*, 94 S.W.3d at 754 (quoting *Rodriguez v. Tinsman & Houser, Inc.*, 13 S.W.3d 47, 49 (Tex. App.—San Antonio 1999, pet. denied)). "Only in rare instances have the Texas courts concluded that an excuse offered by the plaintiffs for failure to procure service negated the exercise of due diligence as a matter of law." *Saenz*, 951 F.2d at 667 (citations omitted). "A lack of due diligence can be found as a matter of law if the plaintiff offers no valid excuse for lack of service or 'if the lapse of time and the plaintiff's acts, or inaction, conclusively negate diligence.'" *Zacharie*, 94 S.W.3d at 754 (quoting *Rodriguez*, 13 S.W.3d at 49). "Even if an explanation is offered, a lack of diligence can be found if the explanation affirmatively establishes a lack of diligence." *Id.* "The explanation must involve diligence in seeking service of process." *Id.* If the

plaintiff's explanation for the delay raises a material fact issue concerning diligence, the burden shifts back to the defendant to conclusively show why, as a matter of law, the plaintiff's explanation is not sufficient. *Id.*; *Campbell v. Abrazo Adoption Assocs.*, No. 04-09-00827-CV, 2010 WL 2679990, at * 2–3 (Tex. App.—San Antonio July 7, 2010). Courts distinguish between "miscalculated attempts to effect service" and "inactivity or complete failure to attempt service." *See Rodriguez*, 13 S.W.3d at 51. "While the former scenarios may involve fact issues on diligence, thereby making summary judgment improper, the latter scenario does not." *Id.*

## III.   Analysis

Bean and England argue that Grant's failure to seek service before the limitations period ran is, as a matter of law, not diligent. They contend that seeking a waiver is inadequate. Grant responds that Texas law recognizes a waiver of service as equivalent to actual service, and that the decision to seek a waiver does not show a lack of diligence.

In one Texas case, the plaintiffs delayed obtaining summons in order to provide defense counsel notice of the suit as a matter of professional courtesy. *Rodriguez*, 13 S.W.3d at 51–52. In that case the planned notice was not sent. *Id.* The court concluded that:

> notwithstanding the well-intended gesture of professional courtesy, it cannot be said that [the plaintiff] exercised diligence or continual diligence in attempting to serve [the defendant] from the time suit was filed until service was accomplished. . . . Because [the plaintiff's] proffered excuse does not involve diligence in attempting to effectuate service, we find that her explanation is not valid, and therefore, it fails to raise a fact issue on diligence. . . . We thus conclude that the trial court correctly determined that the limitations period was not tolled and the suit was barred by the statute of limitations.

*Id.* at 51–52. Bean and England interpret *Rodriguez* to mean that seeking a waiver of service is not a diligent step toward achieving service. Their argument overlooks the fact that the attorney in

7

*Rodriguez* never sent the notice. The court had no occasion to determine whether seeking a waiver may be dililgent. *See id.* at 48 ("That intended gesture of professional courtesy, however, was never sent."), 51 ("[T]here are no efforts from which to evaluate the reasonableness or diligence of the actor.").

Under Texas law, "[t]he defendant may accept service of process, or waive the issuance or service thereof by a written memorandum signed by him, or by his duly authorized agent or attorney, after suit is brought, sworn to before a proper officer other than an attorney in the case, and filed among the papers of the cause, and such waiver or acceptance shall have the same force and effect as if the citation had been issued and served as provided by law." TEX. R. CIV. P. 119; *Approximately $58,461.00 v. State*, — S.W.3d —, 2011 WL 505332, at *4 (Tex. App.—Houston [14th Dist.] 2011). Rule 119 makes it clear that a waiver is equivalent to service of the citation.

Bean and England emphasize the courts' use of the phrase "diligence in seeking service of process," not in seeking a waiver. *E.g.*, *Zacharie*, 94 S.W.3d at 754. Such statements have not, however, been in the context of considering whether seeking a waiver, a valid alternative to service, may constitute diligence in obtaining service.

Bean and England also rely on Rule 4 of the Federal Rules of Civil Procedure. It is clear that requesting a waiver of service under Rule 4(d) does not toll limitations under federal law. The Committee Note to the 1993 Amendments of Federal Rule of Civil Procedure 4(d) states: "[T]ransmission of the notice and waiver forms is a private nonjudicial act, does not purport to effect service, and is not accompanied by any summons or directive from a court . . . . The revised rule is clear that, if the waiver is not returned and filed, the limitations period under such law is not tolled and the action will not otherwise proceed until formal service of process is effected." *See* FED R.

8

CIV. P. 4 Committee Note to 1993 amendments, subdivision (d); *see also* FED. R. CIV. P. 4(d)(2)(C). The Committee Note to Rule 4 makes clear that "[t]he procedure of requesting waiver of service should . . . not be used if the time for service under subdivision (m) will expire before the date on which the waiver must be returned." FED. R. CIV. P. 4 Committee Note to 1993 Amendments, subdivision (d)). But state law, not federal law, governs the statute of limitations inquiry. *Walker*, 446 U.S. at 752–53.

Bean and England also rely on a federal case applying Georgia law, *Lau v. Klinger*, 46 F. Supp. 2d 1377 (S.D. Ga. 1999). In *Lau*, the plaintiff filed suit on April 3, 1998, three days before the lapse of the limitations period. *Id.* at 1379. The defendants received forms to waive service more than a month later in mid-May. *Id.* On November 4, the court ordered the plaintiff to demonstrate that the defendants had been timely served. *Id.* The plaintiff served the defendants on November 20. The court dismissed the case on limitations grounds due to lack of diligence. *Lau* is distinguishable. Like Texas, Georgia requires diligence, but the Georgia standard appears to be somewhat higher, requiring "the greatest possible diligence." *Id.* at 1382 (citations omitted). And the record in this case differs significantly from the facts in *Lau*. Grant filed suit on October 5, 2010. The evidence shows that Grant requested a waiver the next day and waited only two weeks to move toward formal service. England was served on November 15. The record shows significantly greater diligence than in *Lau* and a significantly shorter period before service was effected. The record shows that Grant's efforts to serve England were sufficiently diligent under state law. England's motion for summary judgment is denied.

As to Bean, the combination of Grant's initial decision to seek a waiver through England and the delay in serving her after receiving no response from England leads to a different result. The record shows that Bean was served a month after England, at the same address that Grant had when suit was filed. There is no explanation as to why Grant tried to serve Bean through England after England had failed to respond to the request for a waiver. Nor is there a valid explanation for another six weeks expiring before Bean was served. The lack of explanation combined with the greater delay serving Bean support granting the summary judgment motion as to her.

Grant's attorney's attempt to have England's agent waive service had already failed. Grant does not assert that he believed Bean had authorized England to accept service on her behalf. (*See* Docket Entry No. 16, Ex. 1). Moreover, Grant knew Bean's correct address when the complaint was filed. Although Grant's attorney asserts that he had "no current or valid information for the whereabouts of Catherine Bean," (*id.*, ¶ 4), he provides no explanation why he believed the address that he listed in the complaint was incorrect. The address provided by the private investigator was not "new," as Grant's attorney claims in his affidavit. (Docket Entry No. 16, Ex. 1, ¶ 4). Bean received service at the same address listed in the complaint. (Docket Entry Nos. 1, 10). Under these circumstances, Grant did not, as a matter of law, exercise reasonable diligence to serve Bean.

**IV.    Conclusion**

Bean's motion for summary judgment is granted; England's is denied.

SIGNED on March 8, 2011, at Houston, Texas.

                                                            Lee H. Rosenthal
                                            United States District Judge